Abraham N. Geller, J.
Plaintiff moves for an order pursuant to CPLR 3211 (subd. [b]) to dismiss the defenses of res judicata and lack of jurisdiction over the person of defendant Rutgers Construction Co.
This is an action by a minority stockholder of defendant Rock-Ledge House, Inc., a New York corporation, to compel the accounting of expenditures made by the controlling group of stockholders from money and property of said corporation. It is specifically alleged that from January 31, 1959 to August 31, 1960 the individual defendants wrongfully paid over corporate moneys to defendant Rutgers Construction Co., a New Jersey corporation wholly owned by the individual defendants, which moneys were used in the construction of New Jersey properties by that corporation.
A first service of summons was effected on Rutgers Construction Co. in June, 1963. It moved to vacate the service upon the ground that it was not subject to the jurisdiction of the court, which motion was granted after a hearing and confirmation of the Referee’s report. Said defendant attaches a copy of the *99 report of the Special Referee dated November, 1964 to support its defense of res judicata. That report with its findings, confirmed by the court, establishes instead the validity of the second service of summons effected on January 18, 1965, after the taking effect of CPLR (Sept. 1, 1963).
The Special Referee found that, while Rutgers Construction Co. was “ doing business ” in New York from 1959 to May, 1962, there was no showing of such doing of business in this State on June 13, 1963, the date of service, as would render it amenable to process of our courts. As CPLR does not have retroactive effect to prior actions jurisdictionally defective for improper service (Simonson v. International Bank, 14 N Y 2d 281), the attempted service in June, 1963 was set aside.
Obviously, that determination cannot be res judicata with respect to the second service of summons subsequently effected pursuant to and in reliance upon the different provisions of CPLR. The same situation prevailed in Singer v. Walker (one of the tri-partite cases recently decided by the Court of Appeals, see Longines-Wittnauer Co. v. Barnes & Reinecke, 15 N Y 2d 443, 465-467), where a first service upon a foreign corporation prior to enactment of CPLR 302 was set aside on the ground that it was not “ doing business ” in New York under the jurisdictional standards applicable thereto, but the second service after the effective date of CPLR was sustained as embraced within the governing provisions of CPLR 302.
The defense of lack of jurisdiction with regard to the second service in this action must likewise be dismissed.
CPLR 3211 (subd. [b]) now provides by amendment, effective September 1, 1965, for a plaintiff’s motion to dismiss a defense not only on the ground that a defense “ is not stated ” but also that it ‘ ‘ has no merit. ’ ’ Although it had been held that plaintiff could under this subdivision move to dismiss a jurisdictional defense and obtain an immediate hearing of any issues of fact without waiting for such disposition at the trial with consequent problems of delay and the Statute of Limitations if the service was then set aside (Kukoda v. Schneider, 41 Misc 2d 308), the amendment removes any question as to such procedure. Thus, if a defendant as a tactical maneuver interposes a jurisdictional defense rather than move under CPLR 3211 (subd. [a], par. 8) to dismiss on such ground, plaintiff may counter by moving-under CPLR 3211 (subd. [b]) to dismiss it and obtain a prompt disposition of that jurisdictional issue.
Here no hearing is necessaiy, since the Special Referee’s findings based on the evidence presented by these parties include a specific finding covering the direct issue now involved. *100 Such finding is to be given the effect of a collateral estoppel as to the same issue between the same parties in the present action.
The Special Referee found that the books of account of Rock-Ledge House, Inc. showed payments made to Rutgers Construction Co. between May 7, 1959 and August 5, 1960. That is the tortious act complained of by plaintiff in this action, out of which her alleged cause of action arises. An action for waste of corporate assets is for injury to property sounding in tort and any act of such a nature is a tortious act. Since it was committed within the State, service was properly effected under CPLR 302 (subd. [a], par. 2). Moreover, since this was part of the “ transaction ” of business by Rutgers Construction Co. within the State, as clearly indicated in the Special Referee’s report, and plaintiff’s cause of action arises therefrom, service can also be sustained under CPLR 302 (subd. [a], par. 1).
It should be noted that this disposition is solely with regard to the defenses pleaded and cannot and does not affect the determination on the trial of whether the alleged tortious act was wrongful. The sole issue before the court now is whether jurisdiction has been obtained. The merits of the action are, of course, for the trial court.
The motion to dismiss these affirmative defenses is accordingly granted.