Richard J. Cardamons, J.
The plaintiff, a resident of New York, has sued the defendant, a Maine railroad, pursuant to the provisions of CPLR 302. This is a motion for judgment to dismiss the complaint on the ground that the court has not jurisdiction of the defendant (CPLR 3211, subd. [a], par. 8).
On January 20,1967, John B. Brown was killed when an automobile which he was operating was struck at a grade crossing on Higby Road in the City of Utica, Oneida County, New York, by a runaway railway box car. The car was owned by the Maine Central Railroad Company, a corporation organized and existing under the laws of the State of Maine (hereinafter called Maine Railroad). At the time of the accident the box car was in the possession of the Erie-Lackawanna Railroad Company. Thereafter, the Maine Railroad was personally served with a summons and complaint in the State of Maine. The Maine Rail *226 road, claiming it does no "business within the State of New York, made this motion to dismiss the complaint as against it.
The Maine Railroad is a common carrier operating in interstate commerce in several New England States and Canada. Its only contacts with New York consist of a salesman soliciting business for its lines outside of New York, visits to New York shippers, and occasional financing through New York banks. The Maine Railroad receives per diem reimbursement from other carriers when its freight cars are in their possession.
The plaintiff alleges in her complaint that the box car in question was not in good operating condition and had not been properly inspected, maintained or repaired. The car was last in the possession of the Maine Railroad on December 30,1966, 21 days prior to the accident.
The defendant urges that the so-called long-arm statute (iOPLR 302) does not make it amenable to the jurisdiction of the courts of this State. It asserts that it is not transacting business within the State (subd. [a], par. 1); that it did not commit a tortious act within the State (subd. [a], par. 2); that it does not own or possess any real property situated within the State (subd. [a], par. 4). Thus, jurisdiction over the defendant, if any, must be found in the provisions of paragraph 3 of subdivision (a).
Feathers v. McLucas (15 N Y 2d 443, 458 [1965]) held that a steel tank manufactured in Kansas, en route from Pennsylvania to Vermont, which exploded in Berlin, New York, did not subject the defendant manufacturer of the tank in Kansas to the jurisdiction of the courts in this State. The court based its conclusion on the language in the statute as it existed at the time and held that OPLR 302 governs only a tortious act committed within this State, stating: ‘ ‘ any plea for further expansion of its scope * * * is a matter for the Legislature rather than the courts ” (p. 464). As a direct result of the court’s decision in Feathers v. McLucas the New York State Legislature amended section 302 (L. 1966, ch. 590) to provide in substance (subd. [a]) that a court may exercise personal jurisdiction of a nondomiciliary (par. 3) who commits a tortious act outside the State causing injuries to persons or property within the State, if the nonresident is legally engaged in business in the State or engages in any persistent course of conduct within the State or derives substantial revenue from goods used or consumed or services rendered in the State (CPLR 302, subd. [a], par. 3, cl. [i]). Strong arguments have been advanced that on these facts the defendant Maine Railroad has committed a tortious act outside the State and is either legally engaged in business or in a persistent course of conduct within the State subjecting it to the juries of the *227 courts of this State under clause (i) of paragraph 3. Solicitation of shippers and bank financing in New York may be sufficient when the amount of business needed to meet the standards of OPLR 302 (subd. [a], par. 3, cl. [i]) is obviously less than that required for OPLR 301. Nevertheless, this court believes a sounder basis for jurisdiction is found in clause (ii) of paragraph 3.
OPLR 302 (subd. [a], par. 3, cl. [ii]) provides, as a jurisdictional test, that the nonresident expects or should reasonably expect the act (occurring outside the State) to have consequences in the State and derives .substantial revenue from interstate or international commerce. The test of whether the defendant expects or should reasonably expect the act to have consequences in this State is an objective not a subjective (i.e., what is in the mind of the nonresident) one, and should be so construed (Homburger and Laufer, Expanding Jurisdiction over Foreign Torts: The 1966 Amendment of New York’s Long-Arm Statute, 16 Buffalo L. Rev. 67, 74 [1966]). Clearly, the manufacturer of the metal tank in the Feathers case, (assuming the tests of interstate commerce were met) under the statute as amended would be subject to the jurisdiction of the courts of this State. Concededly here the defendant derives substantial revenue from interstate commerce. While there is no showing as to its amount, it is a railroad engaged in interstate railroading and subject to the rules and regulations of the Interstate Commerce Commission. Its freight cars travel freely throughout the United States and it is entitled to per diem reimbursement when other railroads in other States are making use of its rolling stock.
The Maine Railroad urges on this court Millner Co. v. Noudar, Lda. (24 A D 2d 326 [1st Dept., 1966]). In that case a question was raised as to whether the defendant’s property was actually in this State. Further, this decision preceded the amendment to OPLR 302.
The Maine Railroad further contends that the plaintiff must show that it committed a tortious act outside New York State. To negate this, affidavits submitted by employees of the Maine Railroad revealed periodic inspection and repairs of the freight car in question. The moving papers indicate that an employee of the Erie-Laekawanna Railroad Company made attempts to stop this runaway box car for a distance of approximately 10 miles before leaping clear of it just prior to the accident which resulted in the decedent’s death. A tortious act is pleaded and if in fact one were committed in Maine it would be construed here as a tortious act committed outside the State; that it may have had consequences in this State does not alter its personal locali *228 zation as a tortious act outside this State (Platt Corp. v. Platt, 17 N Y 2d 234, 237 [1966]) and, as such, sufficient under the language of the statute (CPLR 302, subd. [a], par. 3). Further, as the court stated in Longines-Wittnauer v. Barnes & Reinecke (15 N Y 2d 443, 460 [1965]) “ it cannot be made too clear that we are concerned solely with the problem of the court’s jurisdiction over the person of a nonresident defendant and not with the question of his ultimate liability to a particular plaintiff ”. Thus, questions regarding the negligence of the Maine Railroad, the contributory negligence of the decedent, and the like, are not to be considered or passed upon on this motion since they will involve questions of proof.
The only question here is whether the defendant Maine Railroad is subject to the jurisdiction of the courts of this State. Certainly, with knowledge of the fact that its railroad ears travel freely throughout other States including New York; and being aware that rolling equipment needs periodic inspection and repair the defendant Maine Railroad could reasonably expect that its pieces of equipment might cause some harm or damage in other jurisdictions. Whether in a given instance the railroad is liable is a matter which is to be developed during disclosure proceedings or upon evidence at the trial. Accordingly, the defendant’s motion to dismiss the complaint is denied.