Murray T. Feiden, J.
This is a motion by the third-party defendant, Middletown Manufacturing Co., Inc., a Kentucky corporation, to dismiss the third-party complaint of Thayer Coggin Institutional, Inc., on the ground that service of process in Kentucky pursuant to CPLR. 302 was invalid.
*369 The main action is for personal injuries sustained by plaintiff on or about July 16, 1963 as a result of the collapse of a swivel chair sold to the plaintiff by the defendant Charles S. Nathan, Inc. The chair had been assembled by the third-party plaintiff and sold to the defendant, Charles S. Nathan, Inc. The third-party plaintiff’s complaint is based on the theory that one of the component parts of the chair, known as a swivel box, designed and manufactured by the third-party defendant, was defective and caused the accident.
The present action was instituted by the third-party plaintiff by service of its summons and complaint on or about March 23, 1967 on the basis of CPLR 302 (subd. [a], par. 3, cl. [i]) and not paragraph 1 of subdivision (a) as erroneously asserted by the moving party. Prior to the institution of this action, the Appellate Division, by its order dated November 1, 1965 (Newman v. Charles S. Nathan, Inc., 24 A D 2d 867) dismissed a previous third-party summons and complaint on the ground of lack of jurisdiction, citing Feathers v. McLucas (15 N Y 2d 443, 458). The Feathers case held that a tortious act committed outside of this State which causes injury within this State was not synonymous with the statutory phrase in CPLR 302 (subd. [a], par. 2) “tortious act within the State”. As a result of the Feathers decision CPLR 302 was amended by adding a new subdivision 3, effective September 1,1966, which greatly enlarged the scope of the “ long-arm ” statute. The new subdivision provided for personal jurisdiction over a nondomiciliary where a tortious act committed outside this State causes injury within this State, provided there is compliance with certain other conditions, hereinafter discussed.
The decision of the Appellate Division dated November 1, 1965 (Newman v. Charles S. Nathan, Inc., 24 A D 2d 867, supra) in the prior action is not res judicata with respect to the second service of the summons and complaint effected pursuant to and in reliance upon the amended provisions of CPLR 302. In the absence of legislative intent to the contrary, there is a presumption that the new forms of remedy contained in CPLR 302 (subd. [a], par. 3) are applicable to proceedings thereafter instituted even though it be for the redress of tortious acts which occurred previous to the amendment.' (Simonson v. International Bank, 14 N Y 2d 281; Vernon v. Rock-Ledge House, 49 Misc 2d 98; Ellis v. Newton Paper Co., 44 Misc 2d 134, 136; Gilmore v. J. S. Inskip, Inc., 54 Misc 2d 218, 222).
CPLR 302 as amended and applicable to the facts of the instant case, provides for personal jurisdiction over nondomiciliaries *370 where the cause of action arises from a tortious act without the State causing injury to person or property within the State (subd. [a], par. 3) where the defendant regularly solicits business in this State (par. 3, cl. [i]) or should reasonably expect the act to have consequences in this State and derives substantial revenue from interstate or international commerce (par. 3, cl. [ii]).
The following facts are admitted by the third-party defendant in its answers to the third-party plaintiff’s interrogatories: For the past six years Middletown has solicited business in New York by trade journal advertising; has employed a manufacturer’s representative in New York and a salesman, with authority to consummate contracts, whose territory comprises the entire United States; has solicited business in interstate commerce by trade journal advertising with approximately 98% of its total annual business consisting of interstate commerce; has shipped goods into New York with an approximate average annual gross monetary value of $150,000, representing 4% of its annual sales. Middletown also admits that it designed and manufactured the swivel box component which allegedly caused the accident and annually shipped about 50,000 of these components in interstate commerce.
We therefore have a situation where a cause of action arising from a tortious act without the State causes injury to a person within the State and where the nondomiciliary third-party defendant admittedly solicits business in this State. This alone would warrant jurisdiction under CPLR 302 (subd. [a], par. 3, cl. [i]). In addition, it also appears that Middletown could reasonably expect its alleged tortious act to have consequences in this State and that it derives substantial (98% of its total sales) revenue from interstate commerce, which would also warrant jurisdiction over said nondomiciliary under CPLR 302 (subd. [a], par. 3, cl. [ii]). It is to be noted that under clause (i) of paragraph 3 the requirements to establish jurisdiction are in the alternative so that where the proof demonstrates a regular solicitation of business in this State there is no need to show a substantial revenue derived in this State and that under clause (ii) of paragraph 3 the words “substantial revenue” clearly refer to revenue in interstate or international commerce and do not refer to revenue in this State as argued by the movant. (See discussion in Gilmore v. J. S. Inskip, Inc., 54 Misc 2d 218, 222, supra.)
The motion to dismiss the third-party complaint is denied. Third-party defendant is to have 20 days within which to answer.