William R. Brennan, Jr., J.
This is an action brought by plaintiff, a New York resident, against defendant, a resident of New Jersey, for personal injuries alleged to have occurred as a result of an automobile accident which happened in New Jersey.
Under the now familiar doctrine of Seider v. Roth (17 N Y 2d 111), plaintiff obtained an order of attachment under which, a levy was made by the Sheriff of New York County against the interest of the defendant upon the obligation of the Insurance Company of North America to indemnify the defendant under an automobile liability insurance policy issued by the Insurance Company of North America to the defendant.
Apparently, the defendant moved under CPLE 3211 to dismiss the complaint for lack of jurisdiction but then withdrew the motion and served her answer containing two affirmative defenses. Plaintiff now moves under CPLE 3211 (subd. [c]) to dismiss the defenses on the ground that they have no merit.
The first defense merely asserts that the court has no jurisdiction of the person of the defendant or over the subject matter of the action. The court obviously has jurisdiction of the subject matter and that portion of the defense will be stricken. The defense of lack of in personam jurisdiction, however, must at this present juncture be allowed to stand. Under CPLE 320 (subd. [b]) and 3211, the defendant is given the option either to move for a dismissal based upon lack of jurisdiction of the *412 person or to serve her answer setting forth the jurisdictional point as an affirmative defense. The fact that the defendant chose in the first instance to proceed by way of motion which was thereafter withdrawn does not constitute a waiver of the defense. Nothing contained in CPLR 3211 (subd. [e]), which sets forth in specific detail all of the instances in which defenses are waived, can be read as mandating a waiver in the circumstances herein presented. The defendant made her motion, raised the jurisdictional point, and then withdrew the motion. As a matter of legal -tactics she decided to exercise her option of pleading the defense affirmatively rather than proceeding by motion. This in no way prejudiced any of plaintiff’s rights, and is clearly permitted under the CPLR.
The more serious question presented is whether or not the defense of lack of personal jurisdiction has merit, and in order to answer the question a restatement must be made of certain fundamental concepts of jurisdiction. The judgment of a court which has acquired only in rem jurisdiction can only be operative upon the res and not upon the personal assets of the named defendant. (And a reading of the opinions of the Court of Appeals in Simpson v. Loehmann, 21 N Y 2d 305, would indicate that that court has not yet decided the value of the res in cases involving the Seider v. Roth type of attachment.) The judgment of a court which has acquired in personam jurisdiction is operative generally upon all the property of the defendant. (And in Seider v. Roth type cases, a defendant may be hard put to decide whether or not to appear generally in an alien forum and become subjected to a personal judgment, or to default and forfeit the res at a time when the law is in so uncertain and developmental a state that the very value of the res cannot be calculated or ascertained.) When a named defendant in a ease in which the court has acquired only in rem jurisdiction fully litigates the merits of the action, seeking in effect full exoneration of the charges made against her in the complaint, with the consequent overtones of res judicata and full faith and credit, this inverse invocation of the power of the court constitutes a full submission to its jurisdiction and the ultimate judgment will be in personam.
In abolishing the special appearance and authorizing a defendant to answer and plead affirmatively the lack of personal jurisdiction, however, the Legislature has pointed out a middle road which may prove at least temporarily appropriate in Seider v. Roth type cases. It is undoubtedly true that in authorizing defendants to raise the jurisdictional defense in an answer the Legislature did not intend to allow a full and complete trial of the merits of the case to proceed while still preserving the juris *413 dictional point. Normally, a prompt determination of the jurisdictional issue could be obtained by a plaintiff’s motion, such as this, to dismiss the defense. In Vernon v. Rock-Ledge House (49 Misc 2d 98, 99), for example, it was stated: “ Thus, if a defendant as a tactical maneuver interposes a jurisdictional defense rather than move under CPLR 3211 (subd. [a], par. 8) to dismiss on such ground, plaintiff may counter by moving under CPLR 3211 (subd. [b]) to dismiss it and obtain a prompt disposition of-that jurisdictional issue.”
In Seider v. Roth type cases, however, the determination of the jurisdictional issue may not be had so promptly. CPLR 320 (subd. [c]) states in effect that in a case based upon in rem jurisdiction an appearance is not the equivalent of personal service of a summons if an objection to jurisdiction is raised either by motion or affirmative defense ‘ ‘ unless the defendant proceeds with the defense after asserting the objection to jurisdiction and the objection is not ultimately sustained.” (Emphasis supplied.)
This section not only continues to preserve the jurisdictional point for appeal purposes, but must also be read as authorizing a defendant to answer a complaint (the answer presumably containing denials of essential allegations of the complaint), and pleading the jurisdictional defense without incurring the risk of submission to personal jurisdiction which a general denial would have mandated under prior practice, unless thereafter the defendant ' ‘ proceeds with the defense ’ ’.
Consequently, the determination of whether the jurisdictional defense has merit must depend upon the stage of the litigation. At the present posture of this litigation nothing has been done except the service of the answer containing the defense, and since the Legislature has allowed such a procedure, the mere assertion of the defense is proof of the fact that at this moment the defense has merit. The service of the answer is not a submission to jurisdiction and plaintiff’s motion to strike the defense must at this time be denied. (Seider v. Roth, 28 A D 2d 698.) If hereafter the defendant “ proceeds with the defense ”, she may be held to have submitted herself to the jurisdiction of the court, in which event a later motion .to strike the defense may be appropriate. It may be noted that the court in Gazerwitz v. Adrian (28 A D 2d 556) indicated in a similar case that even the examination of the defendant before trial by the plaintiff did not constitute “ proceeding with the defense”. What actions of the defendant may constitute “ proceeding with the defense ” need not be here determined.
*414 The second affirmative defense raised by the defendant alleges in effect that the law relied upon by the plaintiff in obtaining jurisdiction is unconstitutional. This defense must be stricken on the authority of Simpson v. Loehmann (21N Y 2d 305, supra). The fact that an application is being made to the United States Supreme Court to review the Court of Appeals’ determination in that case is no impediment to this court’s obligation to follow the law as pronounced by the Court of Appeals (Bourjois Sales Corp. v. Dorfman, 273 N. Y. 167, 170; Rochester & Genesee Val. R.R. v. Clarke Nat. Bank, 60 Barb. 234, 249-250).