**Frances J. MARKHAM and George W. Markham, Plaintiffs,**

v.

**Robert E. GRAY et al., Defendants.**

**No. Civ. 1973-547.**

United States District Court,
W. D. New York.

May 1, 1975.

**164**

Brandt & Laughlin, Westfield, N. Y., (Robert M. Laughlin and Stephen Teret, Westfield, N. Y., of counsel), for plaintiffs.

Knox, Graham, Pearson, McLaughlin & Sennett, Inc., Erie, Pa. (John M. McLaughlin and Steven P. Simon, Erie, Pa., of counsel), for defendant William H. Anderson, Jr.

CURTIN, Chief Judge.

This is an action in which the plaintiff, Frances J. Markham, seeks to recover damages for injuries sustained as the result of an accident which occurred on Route 90, at Ripley, New York, when the defendant, Robert E. Gray, an employee of The Kaplan Trucking Company, drove a Kaplan truck into a toll booth on Route 90 and injured the plaintiff. On December 24, 1973, the defendant, William H. Anderson, moved the court to quash the return of service and summons and to dismiss the complaint as to him for reasons of insufficiency of service of process and for lack of jurisdiction over the person of the defendant.

The plaintiff has charged the defendant, William H. Anderson, Jr., a physician residing in West Springfield, Pennsylvania, where service of the summons and complaint was made upon him, with negligence in the certification of the defendant, Robert E. Gray, to drive a motor vehicle in interstate commerce. Dr. Anderson was the physician of defendant Gray and each year would examine Gray and certify that he was qualified to operate commercial vehicles in accordance with Federal Motor Carrier Safety Standards. Plaintiff claims that due to defendant Gray's requirement of insulin by injection, he was not physically qualified to operate commercial vehicles, and therefore the certification was negligent and caused the accident leading to the injury of plaintiff when the vehicle operated by Gray struck the toll booth where plaintiff was working. Jurisdiction for service was based upon Section 302(a)(3)(ii) of the New York Civil Practice Law and Rules, McKinney's Consol.Laws. Section 302, entitled Personal jurisdiction by acts of non-domiciliaries, provides that a New York court may exercise personal jurisdiction over any non-domiciliary who:

(3) commits a tortious act without the state causing injury to person or property within the state, . . . if he

. . . . .

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . . .

Plaintiff claims jurisdiction over defendant Anderson under this section because the alleged negligent certification which occurred in Pennsylvania caused the injury in New York State, and because Anderson knew the kind of work Gray was doing, he should have expected that his negligent certification would lead to an accident. Plaintiff asserts

further that Anderson derives substantial revenue from interstate commerce since he is a resident of Pennsylvania but also practices in Conneaut, Ohio. Defendant Anderson seeks dismissal of this cause because his act could not reasonably be expected to have the consequences which resulted in plaintiff's injury and, furthermore, that under Section 302(a)(3)(ii) there is no showing that he derives a substantial amount of his revenue from interstate commerce. Plaintiff has requested that the motion of defendant be dismissed or, in the alternative, that the court permit discovery in order to determine whether sufficient facts exist to base the jurisdiction.

On July 30, 1974, the court, in an effort to decide this motion, ruled that under certain circumstances a doctor could reasonably expect that negligent certification might lead to an accident in New York but that there was insufficient factual information upon which to make a judgment in this case about the circumstances of the certification or the interstate activities of the defendant. In an effort to resolve this problem the court asked for more factual information concerning the interstate activities of the defendant Anderson and then directed the parties to file with the court, on or before September 30, 1974, additional briefs on the meaning of interstate commerce under Section 302 as it relates to this lawsuit.

On September 16, 1974, in an effort to comply with this order, the defendant filed answers to plaintiffs' interrogatories. The following additional information was revealed. The defendant, William H. Anderson, is a physician licensed to practice in Pennsylvania, Ohio and South Carolina, whose principal place of business is in West Springfield, Pennsylvania. Dr. Anderson also practices medicine in Brown Memorial Hospital, Conneaut, Ohio, where he averages fourteen hours per week out of a seventy-four hour work week, making his rounds and performing surgery from approximately 8:00 a. m. to 10:00 a. m. every day of the week. All of the patients seen by Dr. Anderson in the State of Ohio, approximately 450 each year, are seen in Brown Memorial Hospital, and of these 50% are from Pennsylvania. West Springfield, Pennsylvania is near the Ohio border and approximately 60% of the patients seen in Pennsylvania are from Ohio. Approximately 75% of the patients treated or examined in Pennsylvania during 1973 who required hospital care during the course of treatment received such care at Brown Memorial Hospital in Conneaut, Ohio, and about 25% of the patients were referred to other physicians at Hamot Medical Center in Ohio if proper treatment was not available at Brown Memorial Hospital. It is noted that Dr. Anderson receives no salary from Brown Memorial Hospital except for $6.00 per reading for each electrocardiogram he reads for and from the hospital which totals approximately $100 per month. His total income for 1973 that was derived from his medical practice was $84,000.

With these additional facts at hand the court must now decide whether or not Dr. Anderson can properly be made subject to the jurisdiction of this court by virtue of Section 302(a)(3)(ii). At issue in this question is (1) whether defendant Anderson, by certifying Gray as qualified to operate a commercial vehicle, could have expected or should reasonably have expected his act to have consequences in New York; (2) whether a physician who practices medicine and derives revenue in two states derives revenue from interstate commerce; and (3) whether Section 302(a)(3)(ii), as applied, meets the constitutional limitations imposed on state long arm statutes.

 In determining whether a defendant should reasonably have expected his act to have consequences in New York, an objective, not subjective test is applied. The statute does not require the defendant to foresee the specific consequences of his allegedly tortious act, but rather relates to forum conse-

quences generally. Allen v. Auto Specialties Mfg. Co., 45 A.D.2d 331, 357 N.Y.S.2d 547 (3d Dept. 1974); *see also* McLaughlin, Practice Commentaries, 7B CPLR § 302 (McKinney's 1972) at 91–93. As pointed out by this court in its July 30th ruling, Dr. Anderson, by certifying that Gray was qualified to operate a commercial vehicle in interstate commerce, should reasonably have expected his acts to have consequences in New York.

■ Having answered this question in the affirmative, the court must therefore determine whether Dr. Anderson derived substantial revenue from interstate commerce, since both are requisites for jurisdiction under Section 302(a)(3)(ii). The threshold question presented to the court in this context is whether a physician practicing his profession in two contiguous states is engaging in interstate commerce under the statute. Since the term is not defined in the statute, nor has it been judicially construed, it must be defined by looking at the legislative history of the statute and also the construction given interstate commerce under federal antitrust law and New York statutes which are not entirely different from Section 302(a)(3)(ii). In proposing Section 302(a)(3)(ii), the Judicial Conference sought an amendment broad enough to protect New York residents and not so broad as to burden unfairly nonresidents whose connection with the state is remote. 1966 McKinney Session Laws, at 2788. The requirement of substantial revenue from interstate commerce, in addition to foreseeability, was intended to exclude non-domiciliaries whose business operations are of a local nature. *Id.* at 2789. The statute was not intended to fully exercise the state's constitutionally permitted long arm capabilities. The Judicial Conference suggested, for example, that while it might be possible, it would not be desirable, to exercise jurisdiction over a local Georgia retailer who sold a tire to a New York resident driving a vehicle bearing New York license plates, even though the retailer may have had reason to foresee injury in New York if the tire was defective. On the other hand, the Conference said it might be fair and desirable to exercise jurisdiction over a defendant tire manufacturer engaged in interstate or international commerce, whether or not related to New York, the essential difference being that the latter ". . . is generally equipped to handle litigation away from his business location." *Id.* at 2788. Viewed in this light, the statute can be said to be directed towards those manufacturers engaged in substantial interstate activity who can expect and who are capable of defending suits in foreign forums and, therefore, Dr. Anderson was not within that class intended to be subject to long arm jurisdiction. From the facts as outlined above, Dr. Anderson's medical practice is of an essentially local nature and, therefore, he should not be expected or considered capable of defending suits in foreign forums.

While the instant case is not within an antitrust context, a construction of interstate commerce under Section 302(a)(3)(ii) can be gleaned from the antitrust case law defining that term, which construction would be consistent with the legislative intent of New York's long arm statute. The practice of a profession such as medicine, or law, is predominantly a local operation. The fact that a surgeon lives on the border of his state and practices in two cities on either side of that border, does not alter the essentially local nature of his practice. Since the practice of a profession is predominantly local in character, interstate commerce under Section 302(a)(3)(ii) should be construed to incorporate the profession-business dichotomy, at least to exclude a local physician who treats his patients in two bordering states. Under the antitrust laws, the practice of medicine has been said to be neither trade nor commerce within Sec-

tion 1 of the Sherman Antitrust Act. Riggall v. Washington Medical Society, 249 F.2d 266 (8th Cir. 1957). This construction of interstate commerce using the profession-business dichotomy has been used by the New York Court of Appeals in construing Section 340 of the New York General Business Law, McKinney's Consol.Laws, c. 20, which prohibits agreements whereby "business, trade or commerce" may be restrained. *See* Matter of Freeman, 34 N.Y.2d 1, 355 N.Y.S.2d 336, 311 N.E.2d 480 (1974). In conclusion, then, Dr. Anderson could not be subject to New York State's long arm jurisdiction on the basis of Section 302(a)(3)(ii) because his activities as a doctor cannot be considered commerce.

Since the court has decided that Dr. Anderson's activities do not fall within the definition of commerce laid out above, the constitutional issues involved need not be reached. However, in passing, the court is considerably doubtful of the fact that Section 302(a)(3)(ii), as applied to Dr. Anderson, would pass constitutional standards of due process set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945); and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1957); *see also* Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., 239 F.2d 502, 507 (4th Cir. 1956).

In view of the above reasoning, the court concludes that although the defendant Anderson could reasonably expect his acts in certifying the defendant, Robert E. Gray, to have consequences in New York, this alone can be no basis for the exercise of New York jurisdiction over him, nor can Dr. Anderson's actions, which are from the facts inherently of a local nature, be considered interstate activity which would subject Dr. Anderson to New York jurisdiction under Section 302(a)(3)(ii). Therefore, the court grants defendant's motion to dismiss the cause of action against Dr. Anderson because of the fact that this court cannot maintain jurisdiction over him.

The Clerk is directed to enter judgment in behalf of defendant William H. Anderson, Jr., dismissing complaint.

So ordered.