**UNICON MANAGEMENT CORP.,**
**Plaintiff,**

v.

**KOPPERS COMPANY, Inc., Fletcher L.**
**Byrom, Walter P. Arnold, H. A. Denny,**
**R. G. Wilson, W. A. Anderson, Paul H.**
**Titus and Harry W. Powell, Defendants.**

United States District Court
S. D. New York.

Dec. 7, 1965.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff; Thomas R. Farrell, Jr., New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants; William Piel, Jr., and Robert E. Barnett, New York City, of counsel.

HERLANDS, District Judge:

This motion poses a question of adjective law: What procedure should be followed in resolving a preliminary issue of fact where the defendants' challenge to personal jurisdiction is predicated on their assertion that they did not commit a tortious act within the State of New York?

In this case, the disputed factual issue—whether the defendants committed a tortious act within the State of New York—is not only determinative of the jurisdictional question raised by the motion at bar but also constitutes the ultimate question decisive of the litigation in chief.

We precede the analysis with an express recognition of the guiding principle that the rules of civil procedure shall be construed to secure "the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

Defendants Fletcher L. Byrom, Walter P. Arnold, H. A. Denny, R. G. Wilson and Paul H. Titus [hereinafter "the individual defendants"] have moved, pursuant to Fed.R.Civ.P. 12(b), for an order dismissing the action against them or, in lieu thereof, for an order quashing the return of service of summons. The asserted ground for the motion is that the individual defendants have not been properly served with process and, therefore, this court does not have personal jurisdiction over them.

On June 29, 1965, plaintiff, Unicon Management Corp. [hereinafter "Unicon"], served a summons and complaint upon Koppers Company, Inc. [hereinafter "Koppers"]. On July 12, 1965, a copy of the summons and complaint was served

upon each of the individual defendants in Pittsburgh, Pennsylvania.

The individual defendants contend that such service of process in Pennsylvania was ineffectual and did not confer personal jurisdiction over them upon this court.

Unicon, on the other hand, argues that service of process in Pennsylvania was authorized by the Federal Rules of Civil Procedure, and that this court does have personal jurisdiction over the individual defendants. Unicon relies on Fed.R. Civ.P. 4(e), which relevantly provides:

"Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of summons * * * upon a party not an inhabitant of or found within the state, * * * service may * * * be made under the circumstances and in the manner prescribed in the statute or rule."

The individual defendants do not dispute that Fed.R.Civ.P. 4(e), in effect, incorporates by reference the following provisions of § 302 and § 313 of the New York Civil Practice Law and Rules:

"A court may exercise personal jurisdiction over any non-domiciliary * * * as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he: * * *

2. commits a tortious act within the state * * *." [§ 302(a)]

"A person * * * subject to the jurisdiction of the courts of the state under section * * * 302 * * * may be served with the summons without the state, in the same manner as service is made within the state * * *." [§ 313]

The basic issue is whether the individual defendants have committed a "tortious act" in New York State within the meaning of CPLR § 302(a) (2). Only if such a tortious act was committed

within New York State does service of process in Pennsylvania confer personal jurisdiction over the individual defendants on this court. See Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 460–464, 261 N.Y. S.2d 82, 21–24, 209 N.E.2d 68, 77–79 (1965).

The individual defendants are executives of Koppers. Koppers and Unicon entered into an agreement on January 28, 1964 which provided that Unicon would supply various managerial services and assist Koppers in the active management and operation of Koppers' Malan Construction Department. Unicon was to be compensated by the payment of a fixed sum plus a percentage of the pretax profits of said Malan Construction Department.

Unicon's complaint alleges that Koppers breached this "management contract" by wrongfully interfering with Unicon's management of Malan. That part of Unicon's complaint is not relevant to the motion presently before this court.

However, the complaint claims that, "between January 28, 1964 and the present, the Individual Defendants jointly and severally agreed that their individual personal economic advantage and personal beliefs and ambitions would be served by causing or precipitating a termination of the contractual relationship existing between plaintiff and Koppers." The complaint further asserts that the decision of the individual defendants to cause Koppers to terminate the contract was made, not as a part of their duties to Koppers or for the benefit of Koppers, but rather for their own private gain and contrary to the best interest of Koppers. The complaint also alleges that, subsequent to the time that the decision was made, the individual defendants by "actions, words and deeds" attempted to induce Koppers to "wrongfully breach" its contractual agreement with Unicon.

The individual defendants take the position that, although the complaint al-

leges "a vague 'conspiracy' to induce Koppers' management to breach a contract with plaintiff * * * no allegations of acts committed within the state [of New York] have been * * * alleged * * *"; and that, absent the commission of a tortious act in New York, the service of process on them in Pennsylvania does not confer personal jurisdiction over them upon this court.

The only allegations made by Unicon that the individual defendants have committed tortious acts within New York appear in the opposing affidavit of Thomas R. Farrell, Unicon's attorney.

Unicon's theory appears to be that the individual defendants, acting in their private capacity and not as Koppers' executives, sent "agents" into New York who performed certain unspecified acts there which were "in furtherance of a plan conceived by the individual defendants to advance their own personal interests by impeding and hindering plaintiff [Unicon] in the performance of the agreement with Koppers and thus bringing about the eventual breach of the agreement."

It is not controverted that these alleged "agents" were, in fact, employees of Koppers who were sent to Koppers' Malan Construction Department in New York, at least ostensibly, to "administer and coordinate" the work of that department—a function consistent with the positions they held in the Koppers hierarchy. It is also true that the individual defendants could have been acting within the scope of their authority as Koppers' executives when they sent these employee-agents to New York, unless they lost that right under the terms of the management contract of January 28, 1964—a point which is in controversy.

The individual defendants articulate their position only in their reply memorandum in support of this motion.

Their theory is that District Judge Dudley B. Bonsal, in his order of July 26, 1965 granting Koppers a preliminary injunction, has already determined that, when the individual defendants sent the employee-agents to New York, those defendants were acting within the scope of their authority as Koppers' executives and not in their individual capacities. That precise fact does not appear to have been placed in issue before Judge Bonsal; and that fact may not be validly inferred from the circumstance that Koppers was granted a preliminary injunction.

The proper disposition of the pending motion requires this court to determine whether the individual defendants have committed a tortious act within New York. Such a determination, however, cannot be made on the present record.

In deciding a motion presenting a similar problem in United States v. Montreal Trust Co., 35 F.R.D. 216, 222–223 (S.D.N.Y.1964), the court adopted the procedure of a viva voce hearing at which both parties were afforded an opportunity to offer evidence. A full dress hearing was preferred to the alternative procedure of postponing a determination of the jurisdictional issue until the trial, pursuant to Fed.R.Civ.P. 12(d). It was there felt that, under the circumstances, postponing the jurisdictional issue until the trial would unjustly deprive the defendant of the opportunity to avoid a trial by quashing service in advance.

We note with favor the court's suggestion to the parties in United States v. Montreal Trust Co., supra, that they might stipulate that its resolution of the disputed issue for jurisdictional purposes would be conclusive upon both sides at any subsequent trial of the case on the merits, thereby avoiding the possible necessity of trying the same issue twice.

Out of a desire to employ a procedure that will minimize the hardship to each party, this court will adopt an intermediate approach rather than either of the two more extreme alternatives adverted to in United States v. Montreal Trust Co., supra.

Accordingly, each party is hereby directed to serve and submit affidavits, setting forth specific facts with par-

ticularity, in support of its position with reference to the question of whether or not the individual defendants have committed a "tortious act" in the State of New York within the meaning of CPLR § 302(a) (2).

Plaintiff's affidavits shall state with specificity what tortious acts, if any, were committed in the State of New York; when they were committed; and who committed them. The foregoing enumeration is not intended to be exclusive.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

The parties shall exchange affidavits on or before December 22, 1965, 5:00 p. m. Reply affidavits shall be exchanged on or before January 3, 1966, 5:00 p. m. All papers shall be finally submitted on January 4, 1966, 5:00 p. m.

Should the record as thus finally submitted demonstrate that the decision revolves around issues of credibility or other disputed issues of such a nature as to suggest that they cannot satisfactorily be resolved on affidavits, the court will then determine whether a viva voce pre-trial hearing should be held or whether the hearing and determination of the jurisdictional issue should be deferred until the trial.

The intermediate approach adopted herein permits the individual defendants, in the first instance, to avoid a plenary hearing that would be tantamount to a trial on the merits. At the same time, Unicon is afforded a relatively inexpensive and expeditious opportunity to prove its allegations of jurisdiction.

In accordance with the views and directions set forth in this opinion, further disposition of this motion will be held in abeyance.

This opinion shall have the force and effect of an order. So ordered.