UNICON MANAGEMENT CORP.,
Plaintiff,

v.

KOPPERS COMPANY, Inc., Fletcher L. Byrom, Walter P. Arnold, H. A. Denny, R. G. Wilson, W. A. Anderson, Paul H. Titus and Harry W. Powell, Defendants.

United States District Court
S. D. New York.

Feb. 7, 1966.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff, Thomas R. Farrell, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants, William Piel, Jr., and Robert E. Barnett, New York City, of counsel.

HERLANDS, District Judge:

Pursuant to an order of this court incorporated in its opinion dated December 7, 1965, 38 F.R.D. 474 (S.D.N.Y.1965), each party has served and submitted affidavits in support of its respective position with reference to the question of whether or not the individual defendants have committed a "tortious act" in the State of New York within the meaning of New York CPLR § 302(a) (2). The order was made because the court deemed the record then before it to be inadequate to decide that question.

The court finds that it lacks personal jurisdiction over the individual defendants for the reasons hereinafter set forth.

Plaintiff alleged in its complaint:

"TWENTY-SECOND: On information and belief, between January 28, 1964 and the present, the Individual Defendants jointly and severally agreed that their individual personal economic advantages and personal beliefs and ambitions would be served by causing or precipitating a termination of the contractual relationship existing between plaintiff and Koppers.

TWENTY-THIRD: On information and belief, the decision of the Individual Defendants to seek to cause or precipitate the termination of the contractual relationship between Malan Construction Department and Koppers was not motivated by and is not motivated by any desire to serve the best interest of their employer Koppers.

TWENTY-FOURTH: On information and belief, said Individual Defendants agreed upon an implementation of their plan which was calculated to precipitate a termination of the contractual relationship existing between Malan and Koppers.

TWENTY-FIFTH: On information and belief, the Individual Defendants have, since the time of reaching their joint agreement, sought to implement their plan and to achieve their objective * * * all with a view to undermining the confidence of Koppers in plaintiff's competence and ability to carry out the terms of its Management Contract, all of which is calculated to precipitate a breach of said contract between Koppers and plaintiff, and all of which constitutes a wrongful interference with the contractual relationship existing between Koppers and plaintiff."

The affidavit of Thomas R. Farrell, plaintiff's attorney, submitted in opposition to the present motion, states:

*"The Tortious Acts*

12. The appointment of these 'coordinators' and 'administrators' to visit Malan's offices at 2 Park Avenue and the actions of these agents of defendants in 'coordinating' and 'administering' at Malan's New York offices are among the precise acts of the individual defendants about which plaintiff complains. It is plaintiff's position that these 'coordinators' were not appointed for any legitimate corporate purpose of Koppers but were agents of the individual defendants who were acting in furtherance of a plan conceived by the individual defendants to advance their own personal interests by impeding and hindering plaintiff in the performance of its agreement with Koppers and thus bring about the eventual breach of the agreement. * * * [D]efendants have interfered with, impeded and hindered plaintiff in the management of Ma-

lan and have sought to prevent plaintiff from exercising its rights under its agreement with Koppers. Since the offices of Malan are at 2 Park Avenue, New York and since it was there that plaintiff was to perform the agreement, defendants' interference with plaintiff would have to occur in New York. * * *

15. Plaintiff, of course, does not expect defendants to concede that the various 'coordinators' and 'administrators' which they sent to New York were the personal agents of defendants engaged in the furtherance of the alleged conspiracy. Defendants, quite naturally, will take the position that these agents were sent in the interests of Koppers, for the legitimate purpose of overseeing plaintiff's performance. That, however, is the precise point at issue between the parties. Plaintiff asserts that the actions of these agents—and defendants' motives in sending them—were all part of a tortious plan to interfere in plaintiff's contractual relations with Koppers. Defendants cannot avoid a trial of this issue by a bland assertion that these 'coordinators' and 'administrators' were not their personal agents and hence that this Court has no jurisdiction."

On the contrary, plaintiff cannot by a "bland assertion" that those Koppers employees were the agents of the individual defendants confer personal jurisdiction over the individual defendants upon this court, even if it is assumed arguendo that those employees committed tortious acts of some sort within New York. The burden of pleading and proving jurisdiction is upon the party asserting its existence.

Pursuant to the court's order of December 7, 1965, the plaintiff has submitted the affidavit of Sidney Feldman, plaintiff's president, sworn to December 22, 1965; a reply affidavit of Sidney Feldman, sworn to January 10, 1966; and a reply affidavit of Irving Feldman, plaintiff's vice president, sworn to January 10, 1966.

The court has scrutinized with great care the affidavits submitted by the plaintiff pursuant to the court's order of December 7, 1965 and has found absolutely no indication of factual support for its jurisdictional allegations (1) that a conspiracy existed, (2) that the individual defendants were acting in furtherance of their own interests rather than what they conceived, in good faith, to be Koppers' interests, or (3) that the employees sent to New York in furtherance of the alleged conspiracy were acting as the agents of the individual defendants rather than of Koppers.

While the Feldmans' affidavits recount instances in which the individual defendants performed acts and issued orders which interfered with Unicon's management of the Malan Construction Department of Koppers, they do not even allude to any facts which would support the crucial jurisdictional allegations.

The affidavit of Thomas R. Farrell, plaintiff's attorney, which was submitted prior to the court's order of December 7, 1965, was not made on personal knowledge of the underlying evidentiary facts. Moreover, the alleged documentation it contains of the existence of an agency relationship between the individual defendants in their personal capacities and the Koppers employees sent to New York is, at best, ambiguous and inconclusive. See Farrell affidavit, pp. 4–5. Read in context, the statements it quotes from the affidavits of the individual defendants denominating the Koppers employees sent to New York as their "agents" or "delegates" were clearly intended by said defendants to mean agents or delegates of the defendants in question acting as Koppers' executives and not in their personal capacities. Even if the quoted statements are construed as showing that the individual defendants subjectively believed those Koppers employees to have been their personal agents, there have been no evidentiary facts introduced which show that such a relationship actually existed.

Not only has plaintiff failed to sustain its burden of proof at this point; it has

failed to even adduce any evidentiary facts which would raise a triable issue. The court finds that the affidavits do not raise any issues which would warrant the subjection of the individual defendants to a full-scale hearing—a hearing which would be tantamount to a trial on the merits. Moreover, plaintiff has not specifically requested a viva voce hearing, nor has it indicated in any manner that the facts in support of its jurisdictional allegations are such that they could not have been made known to the court by means of affidavits. The court must assume that the plaintiff has brought forth all the evidence it desires to or is able to proffer on the issue.

The court notes that—unlike the situation in the recent case of United States v. The Montreal Trust Co., 358 F.2d 239 (2d Cir. 1966), reversing and remanding, 35 F.R.D. 216 (S.D.N.Y.1964), where the facts adduced at a preliminary hearing established at least prima facie that there was personal jurisdiction—these have been no facts at all adduced here in support of plaintiff's jurisdictional allegations. Therefore, the requirements to establish even "threshold jurisdiction" have not been met. But see Andreas v. Imperial Airlines, Inc., 211 F.Supp. 311, 313 (E.D.Pa.1962), where mere allegations in the complaint or an affidavit by an attorney, presumably not even made on personal knowledge, were said to be sufficient to support the denial of a motion to dismiss for lack of personal jurisdiction—a result contrary to the Second Circuit's test of "threshold jurisdiction."

■ It would seem that the gravamen of the plaintiff's claim is the alleged breach of the management contract by Koppers. Whatever the merits of its claim against Koppers on that theory, it has completely failed to substantiate its allegations that the individual defendants acted in furtherance of their own interests and not in what they conceived, rightly or wrongly, to be the interests of Koppers. If the individual defendants, in the exercise of their business judgment, acting in their capacities as Koppers' employees, performed acts which are ultimately found to constitute a breach of the management contract, then the plaintiff is entitled to a judgment against Koppers. Nevertheless, in the absence of any substantiation whatsoever of plaintiff's allegations of wrongdoing on the part of the individual defendants *in their individual capacity,* under the circumstances present here the court must hold that the plaintiff has failed to demonstrate to the court that it has personal jurisdiction over the individual defendants and must dismiss the action as to them.

So ordered.