HEDY LAMARR, Respondent, *v.* FREDERICK KLEIN et al., Defendants, and MAURICE INMAN, Appellant.

First Department, November 19, 1970.

*Charles J. Acker* of counsel (*Lester Esterman* with him on the brief; *Hart & Hume,* attorneys), for appellant.

*Jacob Rassner* for respondent.

CAPOZZOLI, J. The complaint charges that the defendants willfully conspired to publish and distribute for sale a libelous, false, fictional and derogatory account of plaintiff's life, misrepresenting same as her true autobiography, in a book entitled "Ecstasy and Me, My Life as a Woman", without her approval and consent.

Defendant, Maurice Inman, a nonresident attorney, was served with process in California. He moves to dismiss the action as against him for lack of in personam jurisdiction. The service was purportedly made pursuant to CPLR 302 (subd. [a], par. 2) which provides for jurisdiction over a nondomiciliary who "commits a tortious act within the state".

An examination of the complaint discloses that it is inartfully drawn, replete with conclusory, repetitious allegations and is in the nature of a rambling narrative. Nowhere within its contents is there any intimation that the defendant, Inman, committed any act in the State of New York in furtherance of the alleged conspiracy. Neither is there any statement as to where the alleged conspiracy was hatched.

The defendant has moved, prior to his answer, to dismiss the complaint under CPLR 3211 (subd. [a], par. 8), on the ground that the court has not jurisdiction of the person of the defendant. In the affidavit in support of the motion the defendant denies any knowledge of or complicity in the alleged conspiracy and specifically sets forth that he was never in New York during the time the conspiracy is alleged to have been hatched and

250

that he never performed any act in New York in furtherance or aid of the conspiracy. The exact language of the defendant is as follows: " I unequivocally deny ever having been a party to or having knowledge of, any conspiracy or act, intentional or otherwise, designed to deprive plaintiff of any right or harm her in any way. * * *

" It is submitted that I have committed no acts, participated in no activities, tortious or otherwise, within or without the State of New York, which come within the purview of CPLR 302 so as to give this court personal jurisdiction over me." The defendant also stated, in this same affidavit, the following: " I did nothing in New York, nor does the complaint allege I ever entered New York * * * as a participant in the alleged scheme."

In the face of these allegations, the plaintiff was duty bound to come forth with definite evidentiary facts to meet the objections of the defendant and to support the propriety of the service made upon him outside of this State. Instead, the only affidavit offered by the plaintiff is one executed by her attorney which was not made on personal knowledge of the underlying evidentiary facts. This affidavit asserts: " The aforesaid wrongful acts took place in the City and State of New York ". Such statement is conclusory and completely insufficient to establish that the defendant committed a tortious act in this State so as to validate the service made upon him.

The law is clear that, under the circumstances disclosed herein, the burden of proving jurisdiction is upon the party who asserts it. (*Unicon Mgt. Corp.* v. *Koppers Co.*, 250 F. Supp. 850; *Saratoga Harness Racing Assn.* v. *Moss*, 26 A D 2d 486, affd. 20 N Y 2d 733.) In *Saratoga Harness Racing Assn.* v. *Moss* (*supra*, p. 490) of the Appellate Division opinion, the court said: " The plaintiff has the burden of proof and for the purpose of this motion must show by the complaint and supporting affidavits the essential requirements of the statute."

Assuming that the complaint states a cause of action, that fact itself does not determine the issue of jurisdiction. It is true that, whether or not appellant participated in the alleged conspiracy, is an issue in the action which cannot be decided upon an application to vacate service. However, the burden is upon the plaintiff to show compliance with the requirements set forth in the statute so as to validate the service. Clearly, conclusory allegations, such as the one made by the attorney for the plaintiff, must fail in the face of the positive assertions found in the affidavit of the defendant. In *Unicon Mgt. Corp.* v. *Koppers* (*supra*) a case in which the affidavit of an attorney for

the plaintiff was offered to prove jurisdiction, the court said (p. 852) of its opinion, the following: "plaintiff cannot by a 'bland assertion' that those Koppers employees were the agents of the individual defendants confer personal jurisdiction over the individual defendants upon this court, even if it is assumed arguendo that those employees committed tortious acts of some sort within New York. The burden of pleading and proving jurisdiction is upon the party asserting its existence."

There is no factual statement whatever offered by plaintiff showing that the defendant, either personally or by an authorized representative, did anything at all in this State which would bring the case within CPLR 302 (subd. [a], par. 2). There is nothing even to raise an issue.

For the reasons given, the order denying defendant Inman's motion to dismiss the complaint on the ground of lack of jurisdiction over him should be reversed, on the law, with costs, and motion granted.

STEUER, J. (dissenting). I dissent. The complaint, which is a model of prolixity, can be summarized as follows: The several defendants for their own gain planned to have a ghost-written autobiography of plaintiff written and published. They obtained the consent of the plaintiff to the publication by means of fraud and coercion. The book is further alleged to be damaging to the plaintiff in several different particulars.

The moving defendant, who is alleged to be one of the persons who engaged in this venture, was served in California. The service is purportedly pursuant to CPLR 302 (subd. [a], par. 2). In an affidavit in support of this motion to vacate the service he states that he did not participate in the conspiracy and did nothing at all in this jurisdiction.

It must be clear that whether or not appellant participated in the alleged conspiracy is an issue in the action not to be decided upon an application to vacate the service. If he did join in the alleged venture, it would be immaterial both as to liability and jurisdiction over him whether the acts performed by him were carried out in this State, as long as sufficient was done here by other conspirators to confer jurisdiction. The situation is entirely different when the claim is that none of the acts alleged to have been performed in furtherance of the conspiracy was performed here. In that event there is no jurisdiction (*Saratoga Racing Assn.* v. *Moss,* 26 A D 2d 486), and upon an issue being raised the burden is upon plaintiff to sustain the service. Here, no such issue was raised. I believe that Special Term consequently correctly denied the motion.

252

STEVENS, P. J., and McGIVERN, J., concur with CAPOZZOLI, J.; STEUER, J., dissents in opinion.

Order, Supreme Court, New York County, entered on October 9, 1969, reversed, on the law, the motion granted, the complaint dismissed and the action severed as to defendant-appellant; and defendant-appellant shall recover of respondent $50 costs and disbursements of this appeal.