■ AMERICAN BROADCASTING COMPANIES, INC., Appellant, v. GEORGE T. HERNREICH, Respondent, et al., Defendant.— Order of the Supreme Court, New York County, entered on January 6, 1972, dismissing the complaint as to defendant Hernreich for lack of in personam jurisdiction, reversed on the law and the motion denied, with $60 costs and disbursements to appellant. Plaintiff instituted this action to recover sums paid to defendant Hernreich pursuant to fraudulently induced agreements between plaintiff and Hernreich. Plaintiff alleges in its complaint that the agreements were induced and effectuated as a result of fraudulent and tortious conduct committed by Hernreich, in concert with and through his coconspirator and agent, the defendant Sullivan. Central to the alleged causes of action are allegations that Hernreich entered into an unlawful and illegal scheme with Sullivan, then an employee of plaintiff in New York, pursuant to which Heinreich paid Sullivan two $3,000 bribes to effectuate changes in the affiliation agreement between Hernreich and plaintiff so as to increase the compensation received by Hernreich. Although the bribery was not consummated in New York, plaintiff alleges and defendant does not dispute that the alleged illegal activities of Sullivan occurred in New

York, the principal office and place of business of the plaintiff. The acts of Sullivan pursuant to the illegal conspiracy between Sullivan and defendant were the acts of the defendant through his agent, Sullivan, within the meaning of CPLR 302 (subd. [a], par. 2). (*Parke-Bernet Galleries* v. *Franklyn,* 26 N Y 2d 13, 18; *De Nigris Assoc.* v. *Pacific Air Transp. Int.,* 38 A D 2d 363.) Further, Hernreich was physically present in New York throughout 1969 seeking the rate increases from the plaintiff, as was his son, general manager of Hernreich's station. Hernreich admitted to having made trips to New York to secure the increases. Plaintiff's payments to the defendant represented more than 50% of the defendant's receipts as owner of KAIT-TV, the television station covered by the agreements here involved. Defendant's activities in the State satisfy the statutory criterion of the transaction of business within the meaning of CPLR 302 (subd. [a], par. 1). (*Singer* v. *Walker,* 15 N Y 2d 443, 464, 467; *Collateral Factors Corp.* v. *Meyers,* 39 A D 2d 27.) Concur — Nunez, J. P., McNally and Tilzer, JJ. Capozzoli, J., concurs in a memorandum; Eager, J., dissents in a memorandum, which follow: Capozzoli, J. (concurring). I concur in the result reached by the court for the reason that defendant's activities in the State satisfy the statutory criterion of the transaction of business within the meaning of CPLR 302 (subd. [a], par. 1). Eager, J. (dissenting). I would affirm. In any event, taking an aspect of the record most favorable to plaintiff, the assuming of personal jurisdiction over the defendant depends upon the resolving of questions of fact in plaintiff's favor. Therefore, the court may not summarily dispose of the issue of jurisdiction in plaintiff's favor but either the issue should be remanded for a hearing or, where, as here, the issue of jurisdiction is intermingled with the merits of the case, the denial of the motion to dismiss may be without prejudice to the defendant asserting the jurisdictional objection by affirmative defense in his answer. (See CPLR 3211, subd. [d].)