■ JAMES P. REEVES et al., Respondents, v THOMAS M. PHILLIPS, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered May 5, 1976, denying defendant Thomas M. Phillips' motion to dismiss the complaint as against him for lack of jurisdiction over his person, unanimously modified, on the law and in the exercise of discretion, to the extent of granting leave to said defendant to plead such lack of jurisdiction as an affirmative defense in his answer and, as so modified, affirmed, without costs and disbursements. Plaintiffs are shareholders of defendant Texas Gulf, Inc. which was the object of a "take-over" bid by a Canadian company. The gravamen of plaintiffs' verified third amended complaint is that the defendant corporation, its directors and officers acted in a manner inimical to the welfare of both the company and its shareholders in seeking to inhibit the take-over. Plaintiffs ultimately tendered their shares and received the original tender price. The damage alleged is that but for the actions of defendants, the class would have received payment for their tendered shares some two months earlier, and thus were deprived of the use of that money for that period. Accordingly, plaintiffs seek the appropriate amount of interest and punitive damages. The action complained of is

alleged to have been approved at a meeting of the defendant corporation's board of directors at the corporation's place of business in New York City where the board customarily and regularly meets. Defendant Thomas M. Phillips, a domiciliary and resident of Texas and admitted to the Texas Bar, was a member of the board and regularly attended its meetings in New York City. Said defendant was ill in Texas at the time of the meeting complained of. However, it is not disputed that a board member at the meeting in New York telephoned the defendant and spoke with him concerning the response to be made to the take-over bid. The law firm of which defendant was a partner proceeded immediately to institute proceedings to impede the take-over, which proceedings were ultimately unsuccessful. The complaint contains allegations of a conspiracy with tortious acts committed within this jurisdiction by some of the conspirators. Plaintiffs assert in their complaint that, in addition to the institution of the Texas proceeding, defendants agreed upon and engaged in other conduct for the purpose of hindering the take-over bid, all pursuant to the conspiracy. The acts of a coconspirator may, in an appropriate case, be attributed to a defendant for the purpose of obtaining personal jurisdiction over that defendant (see *American Broadcasting Cos. v Hernreich*, 40 AD2d 800). On this record the allegations of a conspiracy are not conclusively refuted (cf. *Lamarr v Klein*, 35 AD2d 248, affd 30 NY2d 757). CPLR 302 (subd [a], par 2) provides that "a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or *through an agent* * * * commits a tortious act within the state". (Emphasis supplied.) However, the issue of jurisdiction is, on this record, commingled with the merits of the case and may not be summarily disposed of in plaintiffs' favor. Accordingly, the denial of defendant Phillips' motion to dismiss is without prejudice to his asserting the jurisdictional objection by affirmative defense in his answer. Concur—Markewich, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.