■ AMERICAN MUSEUM OF NATURAL HISTORY, Appellant, v G. CARBONARA & Co., Respondent.—Order, Supreme Court, New York County, entered March 19, 1976, granting defendant's motion pursuant to CPLR 3211 (subd [a], par 8) to dismiss the complaint for lack of jurisdiction of the person, is unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and the matter is remanded for a hearing as to whether the court has jurisdiction of the person of the defendant, with appropriate disclosure procedures in aid thereof if necessary. In this action for a declaratory judgment to declare a certain contract between plaintiff and defendant null and void, enough has been shown to warrant an evidentiary hearing on the issue of jurisdiction of the person rather than dismissal on affidavits on that ground. Among the facts relied on as a basis for jurisdiction are: (1) alleged negotiation of the contract in New York although signing occurred out of the State (cf. *Liquid Carriers Corp. v American Mar. Corp.,* 375 F2d 951, 954); (2) the history of relations between the parties, including the alleged negotiation and signing of the predecessor contract, in New York; (3) defendant's alleged complicity with an unfaithful employee of plaintiff in New York in connection with the making of the contract (cf. *American Broadcasting Cos. v Hernreich,* 40 AD2d 800); and (4) allegations that the defendant conducts other business in the State besides his business with plaintiff. Termination of the employment of the employee with whom the contract was negotiated and his alleged hostility and unavailability strengthen the argument that this is a case where "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211, subd [d]), justifying denial of the motion based on the

papers alone. Disclosure proceedings should be available in aid of showing jurisdiction in New York. *(Peterson v Spartan Inds.,* 33 NY2d 463.) Concur —Markewich, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.