528 F.Supp. 468 (1981)
Dominick MANDAGLIO and Charles Ferrera, Plaintiffs,
v.
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (GENERAL EXECUTIVE BOARD), New York City District Council of United Brotherhood of Carpenters and Joiners (Executive Board), Local Union 385 of United Brotherhood of Carpenters and Joiners of America, William Konyha, William Sidell, Theodore Maritas, Joseph Lia, Frank Calciano, Marcello Svedese, Joseph Mommanna, Clinton Zeh, and Joseph Locurto, Jr., Defendants.
No. 81 C 2521.
United States District Court, E. D. New York.
December 9, 1981.
*469 Martin S. Streit, New York City, for plaintiffs.
Richard H. Markowitz, New York City, for defendants William Konyha and William Sidell.

MEMORANDUM ORDER
NEAHER, District Judge.
Plaintiffs are former members of the United Brotherhood of Joiners and Carpenters of America ("international union"), located in Washington, D. C., the New York City District Council of the international union, and Local 385, both located in New York City. Until the acts complained of, plaintiff Mandaglio was the elected president and business representative of Local 385 and Ferrera was its financial secretary. The basic wrong of which they complain is that they were removed from their positions and membership in the above organizations in violation of the Labor-Management Reporting Disclosure Act, 29 U.S.C. §§ 411(a) and 529, pursuant to which the Court's subject matter jurisdiction has been invoked. See id., 29 U.S.C. §§ 412, 529.
As will be later detailed, some individual defendants, Konyha, the current president of the international union, Maritas, Svedese and Lia, are specifically alleged to have done or said certain things in connection with the proceedings which resulted in plaintiffs' removal, but no specific acts are attributed to defendants Sidell, a former president of the international union, Calciano, the current president of Local 385, Mommanna, Zeh and Locurto, who are all members of Local 385. Except as noted below, it appears that all defendants except Sidell and Konyha are citizens or residents of New York and hence subject to the personal jurisdiction of this Court.
Sidell and Konyha have moved to be dismissed from the action for want of personal jurisdiction. William McGowan, general counsel for the international union, has stated by affidavit that Konyha and Sidell are not New York residents, that Konyha as president of the international union has an office at the union's headquarters in Washington, D. C., where both he and Sidell were served, and that Sidell retired from the international union presidency on December 31, 1979, no longer works for the union and currently resides in California. For the reasons that follow their motion is granted.
*470 In the absence of a federal statute permitting the exercise of extraterritorial jurisdiction, the Court must look to the law of New York to determine if there is personal jurisdiction over these defendants. See Rule 4(f), (e), F.R.Civ.P. Although plaintiffs have not so specified, it is apparent that they rely on provisions of New York's long-arm statute, which afford jurisdiction over non-domiciliaries who in person or through an agent have committed tortious acts within the State, or who have committed tortious acts outside the State causing injury in the State and who either have substantial contacts with New York or derive substantial revenue from interstate commerce and should reasonably expect the tortious act to have consequences in New York. CPLR § 302(a)(2), (3).
In determining whether there is jurisdiction over Sidell or Konyha under either of these provisions, it will be helpful to set forth the substance of plaintiffs' claims. The complaint alleges that on December 5, 1978, defendant Maritas wrote plaintiff Mandaglio, supposedly cancelling his credentials as a Local 385 business representative and terminating his right to salary and benefits. On December 28, 1978, Maritas wrote Mandaglio a second time, allegedly informing him that Maritas had filed formal union charges against him on December 13, 1978; that on the same day delegates to the District Council had voted to suspend Mandaglio from the presidency of Local 385; and that a hearing on the charges would be held before the District Council's executive board on January 5, 1979. The complaint does not detail the nature of the charges. Plaintiffs claim further that on January 5, 1979 they were removed summarily from their positions in Local 385 without hearing or trial, losing their salary and benefits. Allegedly Mandaglio's rights under the United Brotherhood constitution were violated because he was suspended from office without prior notice of the charges against him and without prior opportunity to appear before the executive committee. The complaint contains no specific allegations regarding Ferrera's rights, but very likely they were the same.
The complaint next alleges that in August 1979 someone, apparently defendant Lia, filed further charges against plaintiffs. Again the nature of the charges is not given, but apparently they concerned plaintiffs' alleged involvement in the theft of large sums of union moneys. Defendant Konyha appointed a trial committee, and plaintiffs were tried from March 17-22, 1980. On April 4, 1980, the trial committee found Mandaglio and Ferrera guilty, ordered Mandaglio expelled from membership and Ferrera suspended from holding office for five years. The verdicts and discipline were upheld on plaintiffs' appeal to the international union executive board. Allegedly this exhausted the plaintiffs' available internal union appeal procedures.
Among other reasons, plaintiffs claim that the March 1980 trial was procedurally improper because the trial committee, which Konyha had appointed, allegedly prejudged the issues in favor of guilt, tried plaintiffs jointly, did not swear in the witnesses, and denied plaintiffs a meaningful opportunity for cross-examination of their accusers. Plaintiffs also charge that the trial committee received offers of anonymous letters and affidavits of persons not present to testify, while refusing to accept plaintiffs' proffered, apparently hearsay testimony that defendant Svedese had said that the trial committee had prejudged plaintiffs. In addition, plaintiffs contend it was improper to try them at all, since allegedly members of the United Brotherhood can be tried and disciplined only for conduct specified in the international union's constitution or the by-laws of the District Council or Local 385, and the charges against plaintiffs were not so specified.
The complaint sets forth five claims for relief. The first alleges injury to the character and reputation of plaintiffs. The third claim asserts that the charges Lia and Maritas filed against Mandaglio were a subterfuge for the defendants' real purpose to prevent Mandaglio from ever again being a candidate for office in Local 385 and to expel him for criticizing and opposing Lia, Maritas and other officers and representatives *471 of the international union and the District Council. Thus, plaintiffs claim that their trial and discipline were illegal because done to punish them for exercising their rights under the union constitution. The fourth and fifth claims allege that the trial and discipline were improper for the reasons outlined above.
It is on their second claim that plaintiffs rely primarily to sustain jurisdiction over Konyha and Sidell. This claim charges that all the defendants conspired to cause plaintiffs' injuries. Besides the foregoing circumstances, plaintiffs allege that Lia caused letters to be sent to Local 385's membership that apparently stated union money had been stolen and that plaintiffs were responsible. Although its grammar is difficult to parse, ¶ 56 of the complaint alleges that an anonymous letter containing similar charges was sent to the international union, as part of the defendants' conspiracy, which thus embraced fabrication of false and malicious evidence allegedly causing the trial committee to prejudge Mandaglio's guilt.
Plaintiffs argue that jurisdiction can be sustained over both Konyha and Sidell under § 302(a)(2), and that Konyha is subject to jurisdiction under § 302(a)(3) as well. To sustain jurisdiction under § 302(a)(2), it is the plaintiff's burden to show that the cause of action in suit arises from the defendant's commission of a tortious act within the State, in person or through an agent. Without seriously disputing that Konyha or Sidell did nothing in person in New York, plaintiff nonetheless contends that the allegedly tortious conduct of Lia, Maritas and the trial committee, which the Court will assume occurred in New York, if at all, may be attributed to Konyha and Sidell because they are named as co-conspirators in a conspiracy which involved the acts of the persons just mentioned.
This contention cannot be sustained. Logically, of course, co-conspirators may be viewed as agents of each other, and thus the in-State tortious acts of one conspirator may be attributed to the out-of-State cohort, as the act of an agent. See American Broadcasting Corp. v. Hernreich, 40 A.D.2d 800, 338 N.Y.S.2d 146, 147 (1st Dep't 1972) (alternative holding); Lamarr v. Klein, 35 A.D.2d 248, 315 N.Y.S.2d 695 (1st Dep't 1970), aff'd mem., 30 N.Y.2d 757, 333 N.Y. S.2d 421, 284 N.E.2d 576 (1972). But it is clear that a plaintiff must make more than mere "bland assertions" of conspiracy or agency. Lehigh Valley Industries, Inc. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir. 1975); Socialist Workers Party v. Attorney General, 375 F.Supp. 318, 321-22 (S.D.N.Y. 1974); Lamarr v. Klein, supra, 315 N.Y.S.2d at 698, quoting Unicon Management Corp. v. Koppers, 250 F.Supp. 850, 852 (S.D.N.Y. 1966). Rather, there must be a "prima facie factual showing" that the conspiracy exists. Merkel Associates, Inc. v. Bellofram Corp., 437 F.Supp. 612, 617 (S.D.N.Y.1977).
The present complaint is clearly deficient as regards defendant Sidell. Except to identify him and allege that he was part of the conspiracy, the complaint makes no mention of him. As regards defendant Konyha, there is the allegation that he appointed the trial committee. But it is clear from the complaint itself that when he did this Konyha was acting in his official capacity as president of the international union. Unlike the detailed allegations and showing in Clark v. United States, 481 F.Supp. 1086, 1096-97 (S.D.N.Y.1979), appeal dismissed, 624 F.2d 3 (2d Cir. 1980), there is no basis in the present complaint even to infer that the alleged conspirators ever met or discussed their plan. All that plaintiffs have shown is that Konyha acted in his official capacity in appointing the trial committee. This is not enough to sustain jurisdiction under § 302(a)(2) on the ground that others, acting as a defendant's agents in furtherance of a conspiracy among individuals, committed tortious acts within the State.
Nor do we think that jurisdiction over Konyha can be sustained on the basis of § 302(a)(3). That section requires that a defendant have committed a tortious act without the State causing injury to persons in the State, and, in addition, that the defendant either have substantial New York contacts, or reasonably should expect the *472 act to have consequences in the State and derive substantial revenue from interstate or international commerce. See generally, 1 J. Weinstein, H. Korn & A. Miller, New York Civil Practice, ¶ 302.14. Assuming that Konyha's appointment of a prejudicial trial committee in Washington, D. C., can be considered a tortious act causing injury in New York, there is still no indication that this defendant "regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state." CPLR § 302(a)(3)(i). Similarly, under § 302(a) (3)(ii) there has been no showing that Konyha's activities apart from his union position are interstate commerce or that he derives substantial income from such activities. See Markham v. Anderson, 531 F.2d 634, 636-37 & n.3 (2d Cir. 1976), aff'g, 393 F.Supp. 163 (W.D.N.Y.1975).
For the foregoing reasons, defendants Konyha and Sidell are hereby dismissed from this action.
SO ORDERED.