■ GENE CHIOSIE, Individually and as Guardian and Natural Parent of CHRISTOPHER J. CHIOSIE and Another, Infants, Respondent, v CINDY CHIOSIE et al., Defendants, and CHARLOTTE COLGAN, Appellant. — In an action to recover damages based upon conspiracy and tortious interference with legal custody, defendant Charlotte Colgan appeals from an order of the Supreme Court, Orange County (Benson, J.), entered February 8, 1984, which denied her motion for summary judgment dismissing the complaint as to her for lack of personal jurisdiction.

Order affirmed, with costs.

Plaintiff Gene Chiosie instituted this action to recover damages for the tortious removal of his children from the State of New York, and the continued actions of the defendants in keeping the children's whereabouts unknown to him. He alleged that appellant participated in a conspiracy to remove his children from New York, thus making the tortious overacts of her coconspirators in New York a sufficient basis to exert personal jurisdiction over her under CPLR 302 (subd [a], par 2).

The affidavits and depositions submitted in support and in opposition to appellant's motion for summary judgment as to her raise sufficient factual allegations of appellant's participation in an alleged conspiracy to preclude summary judgment on her defense of lack of personal jurisdiction.

Appellant provided the alleged coconspirators with her car on the day the children were abducted from New York. There were additional allegations, which appellant did not deny, that she lied to plaintiff regarding the children's and coconspirators' whereabouts on the day in question, and later withheld information concerning their whereabouts. While appellant is a domiciliary of the State of New Jersey, and asserted that she never entered New York, it is sufficient for purposes of long-arm jurisdiction that tortious acts of the alleged coconspirators were committed in New York (*Reeves v Phillips,* 54 AD2d 854; *American Broadcasting Cos. v Hernreich,* 40 AD2d 800; *Lamarr v Klein,* 35 AD2d 248, affd 30 NY2d 757).

Appellant's assertions that her participation in the abduction was unwilling, and that there was no conspiracy, are facts which are within defendants' exclusive knowledge, and her credibility should not be determined on affidavits (*Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252).

Accordingly, the appellant did not establish her defense sufficiently to warrant the court, as a matter of law, in directing judgment in her favor (CPLR 3212, subd [b]). Mollen, P. J., Gibbons, O'Connor and Brown, JJ., concur.