■ ALBERT E. KREUTTER, Respondent, v McFADDEN OIL CORP. et al., Appellants, et al., Defendants.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff alleges multiple causes of action stemming from his investment in an arrangement involving the purchase and leaseback of oil-drilling equipment. Plaintiff transferred $70,-000 to defendant Brian M. McFadden and Company, Inc. (McFadden and Co.), a Texas corporation licensed to do business in New York. McFadden and Co. had a contract with McFadden Oil Corp. (McFadden Oil), a Texas corporation in the business of drilling, producing, operating, servicing and otherwise engaging in the oil and gas business, to sell to investors shares in McFadden Oil's development ventures. The two corporations, McFadden and Co. and McFadden Oil, were to be complimentary, and were originally formed by Burch Downman, Jr., a resident of Houston, Texas, Brian M. McFad-

den, a New York resident, and their Texas counsel, Norman Jones. Downman, a director and shareholder of McFadden Oil, was at one time vice-president of McFadden and Co. and also formed Harmony Drilling Co. (Harmony), of which he, his wife and minor daughter hold 100% of the stock. Although plaintiff in this instance was not purchasing a participation share but was entering into a sale-leaseback transaction, McFadden and Co., using the formula normally employed in the sale of participation shares, sent a check made out to McFadden Oil, representing plaintiff's investment minus its commission and expenses. The check was eventually received and deposited by Harmony, as owner of the equipment. Plaintiff's investment was never acknowledged, and he seeks recovery of his expenditure and other relief.

A motion by McFadden Oil, Harmony and Downman for dismissal on jurisdictional grounds (CPLR 3211 [a] [8]) was denied following a hearing at which Downman appeared specially (CPLR 320) and testified. Special Term found that the Texas defendants (McFadden Oil, Harmony and Downman) "purposefully availed themselves of the sales efforts of McFadden Co, their New York representative" and that "the activities of McFadden Co in New York may properly be attributed to the Texas defendants for section 302 jurisdictional purposes [citations omitted]."

The order must be modified to grant the motions of defendants Downman and Harmony. In personam jurisdiction cannot be established over Downman; he is afforded protection by the fiduciary shield doctrine *(see, Laufer v Ostrow,* 55 NY2d 305; *Marine Midland Bank v Miller,* 664 F2d 899). Plaintiff, who has the burden of proving "long-arm" jurisdiction pursuant to CPLR 302 *(LaMarr v Klein,* 35 AD2d 248, *affd* 30 NY2d 757), failed to allege any facts to demonstrate Downman acted in his own interest rather than in his capacity as corporate officer. Downman's assertion that he acted only in his corporate role is unrefuted and he is thus insulated from suit in New York.

The acts of defendant Harmony consisted solely of receiving and depositing the check representing plaintiff's investment. Those acts occurred in Texas. Plaintiff has failed to demonstrate sufficient contacts with New York to justify personal jurisdiction over Harmony *(see, International Shoe Co. v Washington,* 326 US 310). (Appeal from order of Supreme Court, Erie County, Bayger, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.