R. Anthony BELTRE, et al., and others similarly situated, Petitioner,

v.

LITITZ HEALTHCARE STAFFING SOLUTIONS LLC, et al., Respondent.

No. 10 Civ. 4594 (VM).

United States District Court, S.D. New York.

Nov. 30, 2010.

**374**

David Stein, Michael Steven Samuel, Samuel & Stein, New York, NY, for Petitioners.

Netanel Newberger, Milman Labuda Law Group, PLLC, New Hyde Park, NY, Blanche Jayne Greenfield, New York City Law Department, New York, NY, for Respondents.

**DECISION AND ORDER**

VICTOR MARRERO, District Judge.

Plaintiffs R. Anthony Beltre and Sean Jones (together, the "Plaintiffs") brought this action (the "Complaint") on behalf of themselves and others similarly situated, against defendants Lititz Healthcare Staffing Solutions LLC ("Lititz"), New York City Health and Hospitals Corporation ("HHC"), and John Doe defendants 1–10 (the "Doe Defendants," and collectively with Lititz and HHC, the "Defendants") asserting overtime and "spread of hours" claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and New York Labor Law ("NYLL") §§ 650, *et seq.*

By letters dated September 7 and 22, 2010, Lititz informed the Court of its intention to move to dismiss the Complaint based on its contention that Lititz was not Plaintiffs' employer or joint employer, an element necessary to maintain an action under the FLSA and NYLL. The Court held a telephone conference on September 22, 2010 to discuss the basis for Lititz's contemplated motion. Following that discussion, the Court directed the Defendants, pursuant to its authority under Fed. R.Civ.P. 12(i) ("Rule 12(i)"), to submit affidavits describing the employment relationship between Lititz, HHC and the Plaintiffs. On November 12, 2010, Lititz and HHC filed separate affidavits in response to the Court's direction, and Lititz moved to dismiss the Complaint (the "Motion") pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)").

For the reasons stated below, the Court DENIES Lititz's Motion.

**I. BACKGROUND**[1]

Plaintiffs, who bring this action on behalf of themselves and other similarly sit-

---

1. The facts below are taken from the Complaint and the documents attached thereto.

uated current and former employees of Defendants pursuant to Fed.R.Civ.P. 23, allege that they are former employees of Defendants and that they were not paid the amount of overtime compensation required by the FLSA, NYLL and supporting New York State Department of Labor regulations. Of particular importance for the instant Motion, Plaintiffs allege that they were "employed directly by [placement agency] Lititz, hired to work for [HHC as X-ray technicians], and assigned to work at [HHC's Lincoln Medical Center ("Lincoln") in the Bronx, New York]." (Compl. ¶ 23.) Plaintiffs further allege that Defendants constituted Plaintiffs' "joint employers." (Id. ¶ 14.)

Lititz argues that the Complaint fails to allege sufficiently that Lititz was Plaintiffs' employer, and further, as a matter of law, that Lititz's relationship with Plaintiffs does not satisfy the criteria for Lititz to be deemed an employer or a joint employer of Plaintiffs. (See September 7 Letter at 1.) Therefore, according to Lititz, since there is no possible way for Plaintiffs to rebut Lititz's contention as to this threshold issue, Lititz argues that it would be a needless waste of judicial resources for the parties to proceed with further litigation and discovery. (See September 21 Letter at 2.)

In support of its argument that Lititz was not Plaintiffs' employer or joint employer, Lititz submitted an affidavit from its President, Carlton Stone ("Stone"). In that affidavit, however, Stone acknowledges that the contract between Lititz and

HHC "essentially states that Lititz is the sole employer of any person that Lititz may assign to perform services" for HHC. (Stone Aff. ¶ 3.) Indeed, the agreement between Lititz and third-party intermediary Broadlane NY, Inc. ("Broadlane"), which entered into the contract with Lititz on behalf and for the benefit of HHC, provides:

> [Lititz] is each Staff's ... sole employer under this Agreement, and is solely responsible for full compliance with, and satisfaction of, all tax, wage and hour, workers' compensation, and other legal obligations relating to that employer-employee relationship.

(Id., Ex. A § 3.2.) Nevertheless, Stone states that "the wording of [Lititz's contract with Broadlane] is quite different from the reality of the situation" (Id. ¶ 4), and he goes on to list a variety of factors that, according to Lititz, demonstrate that Lincoln employs, is responsible for, and controls the technicians referred to it by Lititz. (See id. ¶¶ 5–28.) Neither the Complaint nor the affidavits submitted by Lititz and HHC establish whether Lititz was the actual contracting party vis-a-vis the employment relationship with Plaintiffs. Stone does note, however, that Lititz is responsible for paying and maintaining payroll records for the technicians that it refers to work at Lincoln. (See id. ¶ 19–20.) While Lincoln pays Lititz for each hour of work performed by a Lititz-referred technician based on a rate sheet (see id. ¶ 19), it is unclear from the affidavits which party determines how much of

---

The Court accepts these facts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir.2008). Except where specifically referenced, no further citation to these sources will be made. Further, and where noted, the following documents are also referenced: a letter from Lititz to the Court dated September 7, 2010 (the "September 7 Letter"); a letter from Lititz to the Court dated September 21, 2010 (the September 21 Letter); the Affidavit of Carlton Stone in Support of Motion to Dismiss Complaint and exhibits thereto ("Stone Aff."), dated November 12, 2010, and submitted by Lititz; and the Declaration of Joseph Quinones and exhibits thereto ("Quinones Decl."), dated November 12, 2010, and submitted by HHC.

that reimbursement is passed through to the technicians (*i.e.,* who determines the actual pay amount received by a Lititz-referred technician).

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate only if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a facially-plausible claim, a plaintiff must plead the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

That said, Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (quotation marks omitted). When a defendant challenges the sufficiency of a complaint by a motion under Rule 12(b)(6), "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007) (*quoting Twombly,* 550 U.S. at 555, 127 S.Ct. 1955) (footnote omitted). The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Sec. Litig.,* 383 F.Supp.2d 566, 574 (S.D.N.Y.

2005). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" will not suffice to state a claim, as "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1949–50.

Further, Rule 12(i) authorizes the Court to conduct a preliminary hearing to consider and decide before trial a motion raising any defense listed in Fed.R.Civ.P. 12(b)(1)-(7). *See* Fed.R.Civ.P. 12(i). As appropriate, the Court may use that procedure to assist in "early resolution of threshold issues." *Rivera–Gomez v. de Castro,* 900 F.2d 1, 2 (1st Cir.1990) (noting that Rule 12(i) "can be an excellent device for conserving time, expense, and scarce judicial resources"); *see also Cruz v. Sullivan,* 802 F.Supp. 1015, 1016–17 (S.D.N.Y.1992). The Court may order such a hearing on motion or sua sponte, *see Rivera–Gomez,* 900 F.2d at 2, and, as regards matters involving factual issues that bear on the subject of the hearing, the Court may consider affidavits, depositions or documents, or testimony presented orally. *See Unicon Mgmt. Corp. v. Koppers Co.,* 38 F.R.D. 474, 476–77 (S.D.N.Y.1965). However, this procedure cannot be employed to decide the merits of a dispute, or issues so closely interwoven with the merits so as to render it unlikely or impractical that the hearing would achieve a productive outcome. *See United States v. Montreal Trust Co.,* 358 F.2d 239, 242 (2d Cir.1966); *La. Power & Light Co. v. United Gas Pipe Line Co.,* 456 F.2d 326, 332 (5th Cir.1972), *rev'd on other grounds,* 406 U.S. 621, 92 S.Ct. 1827, 32 L.Ed.2d 369 (1972). *See generally* 5C Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1373 (3d ed. 2010).

## B.  ANALYSIS

### 1.  The Test for "Employer" Status Under the FLSA

Under the FLSA, "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives [overtime compensation]." 29 U.S.C. § 207(a)(1).[2] For the purposes of identifying the persons or entities subject to this provision, the FLSA defines "employer" to include "any person" other than a labor organization "acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d); *see also Barfield v. N.Y. Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir.2008). "This definition is necessarily a broad one, in accordance with the remedial purpose of the FLSA." *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 66 (2d Cir.2003). Under the FLSA, an entity employs an individual if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g).

■ The overarching concern in this evaluation is "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir.1999) (*quoting Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961)) (citation omitted). Therefore, under the "economic reality" test, relevant factors to consider include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (*quoting Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir.1984)). "None of these four factors standing alone is dispositive." *Id.* Rather, "any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." *Id.*

*Barfield*, the Second Circuit's most recent iteration of the criteria for "joint employer" status, elaborated on these factors, adding: (1) whether an alleged employer's premises and equipment were used for the plaintiff's work; (2) whether the alleged employers had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to the alleged employer's process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the alleged employer or its agents supervised the plaintiff's work; and (6) whether plaintiffs worked exclusively or predominantly for the alleged employer. *See* 355 F.3d at 72. Again, "[t]he court is also free to consider any other factors it deems relevant to its assessment of the economic realities." *Id.* at 71–72.

### 2.  Application

■ The Court finds that the Complaint sufficiently alleges Plaintiffs' employment relationship with Lititz.  Under Fed. R.Civ.P. 8(a), a plaintiff need only "disclose sufficient information to permit the defendant to have a fair understanding of what

---

**2.**  Section 190 of the NYLL defines "employer" as "any person, corporation or association employing any individual in any occupation, industry, trade, business or service." As "most courts agree that the test for determining whether an entity or person is an 'employer' under NYLL is the same as the test ... for analyzing employer status under the [FLSA]," *Chu Chung v. New Silver Palace Restaurants, Inc.*, 272 F.Supp.2d 314, 319 n. 6 (S.D.N.Y. 2003), the Court will focus its analysis on the FLSA standards only.

the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.2000) (internal quotation marks omitted); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system . . . ."). Plaintiffs' allegations that they were "employed directly by Lititz" and that Lititz was a "joint employer[ ]" of Plaintiffs do that well enough.

Further, Lititz has failed to demonstrate that it could not possibly be deemed Plaintiffs' employer or a joint employer. In fact, the evidence presented by Lititz itself suggests that it is Plaintiffs' employer. *Barfield,* which involved as defendants a staffing agency and HHC-run Bellevue Hospital, presented facts that were strikingly similar to the case at hand. There, the district court found that the plaintiff " 'was paid, and in that sense employed, by the nursing referral agencies.' " *Barfield,* 537 F.3d at 137 (*quoting Barfield v. N.Y. Health & Hosps. Corp.,* 432 F.Supp.2d 390, 392 (S.D.N.Y.2006)). Here, Lititz admits that it pays and manages payroll for the technicians it refers to HHC facilities such as Lincoln. Additionally, Lititz entered into a contract in which it stated explicitly that it was those technicians' "*sole employer . . .* responsible for all tax, wage and hour, workers' compensation, and other legal obligations relating to that employer-employee relationship." (Stone Aff., Ex. A § 3.2 (emphasis added).) Under these circumstances, and without the benefit of a more complete factual record, Lititz's suggestion that, as a matter of law, it could not be found to be Plaintiffs' employer or joint employer strains credulity.[3]

3. The Court takes no position at this time as to whether HHC and/or Lincoln might be joint employers of Plaintiffs.

## IV. *ORDER*

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 15) of defendant Lititz Healthcare Staffing Solutions LLC to dismiss the complaint of plaintiffs R. Anthony Beltre and Sean Jones is DENIED.

**ORDERED** that the parties are directed to confer and submit to the Court by December 16, 2010 a proposed Case Management Plan in the form provided on the Court's website.

**SO ORDERED.**